(24 Misc. Rep. 743.)

## HARRIS v. BROWN.

(Supreme Court, Appellate Term.    October 5, 1898.)

1. SET-OFF—PLEADING AND PROOF.
    In an action by a tenant for moneys deposited as security for a lease which required him to make repairs, the landlord cannot, under a counterclaim resting exclusively on the covenant to repair, recover for repairs made on the leased premises under a special agreement with the tenant apart from the lease.

2. LANDLORD AND TENANT—REPAIRS.
    A landlord who makes repairs which the tenant refuses to make, contrary to his lease, cannot recover therefor without showing the reasonableness of the amounts paid.

Appeal from city court of New York, general term.

Action by Mina Harris against Louisiana Brown.    From a judgment of the general term of the city court (51 N. Y. Supp. 1142) affirming a judgment for defendant entered on the report of a referee, plaintiff appeals.    Reversed.

The appellant sued to recover a balance of $1,000 deposited by her with respondent to insure performance of the covenants of a lease between the

parties. Against the appellant's claim the respondent pleaded an alleged counterclaim for repairs on and charges against the premises alleged to have been covenanted for by the appellant under said lease, which provided that the lessee should make all repairs, and on her failure so to do the lessor should cause the same to be made, and charge the cost thereof against the security.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Samuel F. Hyman, for appellant.

Charles Bradshaw, for respondent.

PER CURIAM. It was clearly error for the referee to allow, as part of the defendant's counterclaim, the cost of putting a new roof on the demised premises. It was not within the issues, and objection on that ground was made at the trial. The counterclaim with respect to repairs rests exclusively on the covenant to repair contained in the lease. The evidence was not sufficient to justify a claim that a new roof was necessary by reason of the dilapidation of the old one, nor did the referee award the sum allowed upon any such theory, but upon proof of a collateral agreement between the parties entirely outside of the lease itself. He expressly finds the plaintiff's fourth proposed finding, which reads: "That the charge of $223.30 and interest for a new roof is not chargeable against the plaintiff under the covenant to repair contained in the lease between the parties hereto;" and in the body of his report he specifically states that this item is recoverable on the special agreement above referred to. As no such agreement has been pleaded, no recovery thereon can be had in this action.

In addition to this, errors were omitted in the course of the trial in the admission of evidence. Proof was given of the amount paid out by the defendant for repairs, without any evidence being given as to the reasonableness of the amounts so paid. It may also well be questioned whether in some instances there was sufficient proof of the existence of a neglect to repair commensurate with the work done for which the defendant claims reimbursement. Without adverting to other grounds on which a reversal is claimed, enough appears to call for a new trial, which, under section 1011 of the Code of Civil Procedure, must apparently be had before another referee, to be appointed by the court below. It is to be hoped that upon a new trial greater care will be observed by counsel in making their proofs, and in observing the rules of evidence.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.